| | | |
|---|---|---|
| LISA ANN SMITH, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| | ) | |
| SHAUN DEVEREUX, et al. | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Complaint [Doc. 1] pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

## I.      BACKGROUND

On April 15, 2026, pro se Plaintiff Lisa Ann Smith ("Plaintiff") is currently detained at the Transylvania County Detention Facility in Brevard, North Carolina.  She filed this action pursuant to 42 U.S.C. § 1983 against Defendants Shaun Devereux, Ted Besen, and Donald Barton, all identified as the Plaintiff's court-appointed attorneys. [Doc. 1].  Plaintiff alleges as follows.

Defendant Barton was appointed by the State to represent the Plaintiff at her 15-day probable cause hearing on January 3, 2025, but he withdrew as counsel on the day of the hearing, which "sabotag[ed]" the Plaintiff's life, "the court," and "justice."  [Id. at 3].  Plaintiff's probable cause hearing was rescheduled, and Defendant Devereux was appointed in Defendant Barton's stead.  [Id.].  Defendant Devereux subsequently withdrew as Plaintiff's attorney and Defendant Besen was appointed in his place.  [Id. at 4].  Plaintiff refused a plea deal that was offered in May 2025 in favor of exercising her right to a trial and has been "held hostage" for fifteen months.

Plaintiff alleges that she has been "tortured, murdered, [and] raped." [Id.]. Defendant Besen is purposefully refusing to withdraw and refusing to represent the Plaintiff. Plaintiff has contacted the State Bar. [Id.].

Plaintiff does not allege which rights she contends have been violated. [See Doc. 1]. In terms of relief, Plaintiff states she would like to present testimony regarding the Defendants' conduct and that she "want[s] [her] rights to a fair trial." [Id. at 4].

## II.      STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

2

## III. DISCUSSION

Plaintiff's Complaint fails initial review for several reasons.

To state a claim under § 1983, a plaintiff must allege that she was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

Court-appointed criminal defense attorneys do not act under color of state law and are therefore not subject to suit under § 1983. Pucket v. Carter, 454 F.Supp.2d 448, 451 (M.D.N.C. Sept. 26, 2006) (citing Hall v. Quillen, 631 F.2d 1154, 1156 (4th Cir. 1980)). The Plaintiff, therefore, has failed to state any claim for relief here against any Defendant. The Court will dismiss them.

Because Plaintiff has failed to state a claim for relief, Plaintiff's Complaint fails initial review, and the Court will dismiss it without prejudice. The Court, however, will allow Plaintiff to amend his Complaint to state a claim for relief. To the extent Plaintiff believes she may have a state law claim based on legal malpractice, this Court is without jurisdiction over such claim. Furthermore, to the extent Plaintiff intends to seek relief under 28 U.S.C. § 2241 as a pretrial detainee, it does not appear that she has exhausted her available state remedies. See 28 U.S.C. § 2241(c)(3); Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004).

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend her Complaint, if she so chooses, to properly state a claim upon which relief can be granted in

3

accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend her Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint fails initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for Plaintiff's failure to state a claim for relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Defendants Devereux, Besen, and Barton are hereby **DISMISSED** as Defendants in this matter.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.
Signed: July 9, 2026

Max O. Cogburn Jr
United States District Judge

4